UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angel Lozada,<br><br>                                    Plaintiff,<br>         -v-<br><br>24 Hour Locksmith of NY Inc.,<br>D/B/A NYC Service Networks,<br><br>                                    Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Angel Lozada ("plaintiff," or "Lozada" ), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of defendant 24 Hour Locksmith of NY Inc., ("defendant" or "Locksmith"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges that he was employed by defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by 195, under Article 6 of the New York Labor

Law and is also entitled to maximum liquidated damages and/or interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Angel Lozada ("plaintiff" or "Lozada") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. Upon information and belief and at all times relevant herein, defendant 24 Hour Locksmith of NY Inc., ("defendant" or "Locksmith") was a New York for-profit business corporation organized and existing under the laws of the State of New York.

9. Upon information and belief and at all times relevant herein, defendant had its principal place of business at 15 Great Neck Road, Suite 8, Great Neck, NY 11021 where plaintiff was employed.

10. "Plaintiff" as used in this complaint refers to the named plaintiff.

11. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## **STATEMENT OF FACTS**

12. Upon information and belief and at all relevant times herein, defendant Locksmith was engaged in the business of providing locksmith and alarm systems and services within the New York tri-state area. See http://www.24hours-locksmiths.com

13. Upon information and belief and at all times relevant herein, defendant employed about 30-40 persons.

14. Upon information and belief and at all times relevant herein, defendant employed plaintiff as a locksmith mechanic. Plaintiff would travel in a truck loaded with tools and materials to the location of defendant's clients to perform his locksmith work.

15. Plaintiff was employed by defendant from on or about February 1, 2014 to on or about August 8, 2014.

16. At all times relevant herein, Defendant required plaintiff to store and care for defendant's work truck – at the end of the regular workday, plaintiff had to drive the truck and park it near his house and had to drive the truck, care for it overnight, and drive it to jobs the next morning.

17. At all times relevant herein, defendant deducted costs for parking and other tickets incurred in the course of plaintiff's work for defendant from plaintiff's wages.

18. At all times relevant herein, plaintiff Lozada worked about 50 hours a week (and sometimes more) for defendant - a more precise statement of the hours and wages will be made when plaintiff obtains the wage, time and employment records defendant was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of plaintiff's wage and time records that defendant was required to keep are incorporated herein by reference.

19. At all times relevant herein, defendant did not provide plaintiff with the notice(s) required by NYLL 195(1).

20. At all times relevant herein, defendant did not provide plaintiff with the statement(s) required by NYLL 195(3).

21. At all times relevant herein, plaintiff was an hourly employee of defendant with an hourly rate of about $20- $25 per hour.

22. Upon information and belief and at all times relevant herein, plaintiff was paid $20 an hour for his overtime hours (hours over 40 a week) instead of at 1.5 times his regular hourly rate.

23. The amount of plaintiff's hours and wages will be refined when defendant produces the accurate versions of wage, time and employment records for plaintiff that defendant was required to keep pursuant to the FLSA and NYLL.

24. At all times relevant herein, plaintiff worked more than forty hours a week for defendant.

25. Upon information and belief and at all times relevant herein, defendant had annual revenues and/or expenditures in excess of $500,000.

26. At all times applicable herein, defendant conducted business with vendors/entities/persons within the State of New York.

27. At all times applicable herein and upon information and belief, defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

28. At all times applicable herein and upon information and belief, defendant utilized the goods, materials, and services through interstate commerce.

29. Upon information and belief, and at all relevant times herein, defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

30. Upon information and belief, and at all relevant times herein, defendant failed to notify plaintiff of his federal and state minimum wage and overtime rights and failed to inform

plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

31. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if set forth fully and at length herein.

32. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the FLSA.

33. At all times relevant to this action, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

34. At all times relevant herein, defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

35. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

36. Due to defendant's FLSA overtime violations, plaintiff is entitled to recover from defendant, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

37. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 35

above as if set forth fully and at length herein.

38. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

39. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

40. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**(NYLL § 190, 191, 193, 195 and 198)**

41. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 39 above with the same force and effect as if fully set forth at length herein.

42. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

43. At all relevant times herein, defendant violated and willfully violated plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay plaintiff all his wages (including overtime wages) and reimbursements for wage deductions/expenses, as required under NY Labor Law § 190 et seq.

44. At all times relevant herein, defendant failed and willfully failed to provide plaintiff with the notice(s) required by NYLL 195(1) – plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant

6

to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendant to comply with NYLL 195(1).

45. At all times relevant herein, defendant failed and willfully failed to provide plaintiff with the statement(s) required by NYLL 195(3) – plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing defendants to comply with NYLL 195(1).

## Relief Demanded

46. Due to defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, plaintiff is entitled to recover from defendant, his entire unpaid wages, including his unpaid overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

47. Declare defendant to be in violation of the plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder, and enjoin defendant from any and all further violations;

48. As to his **First Cause of Action**, award plaintiff his unpaid overtime compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

49. As to his **Second Cause of Action**, award plaintiff his unpaid overtime compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

50. As to the **Third Cause of Action**, award plaintiff his entire unpaid wages, including his unpaid overtime wages, maximum liquidated damages, prejudgment interest, maximum

recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendant to comply with NYLL 195(1) and NYLL 195(3).

51. Award plaintiff prejudgment interest on all monies due.

52. Award plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

53. Award plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
      September 6, 2014


Respectfully submitted,

/s/ Abdul K. Hassan_____
Abdul Karim Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF